## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

PHILIP G. NERI,                                   :
                                                  :          Civ. No. 13-3668 (RBK)
                     Petitioner,                  :
                                                  :
        v.                                        :          **MEMORANDUM ORDER**
                                                  :
WARDEN EVELYN DAVIS,                              :
                                                  :
                     Respondent.                  :
_____ :

        Petitioner is formerly a state prisoner proceeding *pro se* with a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging his parole revocation in this

habeas petition.  (*See* Dkt. No. 6.)  On April 2, 2014, the Court received a letter from respondent

indicating that petitioner is now out of incarceration.  On April 4, 2014, the Court raised the issue

of whether the habeas petition was now moot in light of petitioner's completion of his parole

revocation incarceration.  *See Chong v. Dist. Dir., Immigration and Naturalization Serv.*, 264

F.3d 378, 383 (3d Cir. 2001) ("Although the parties did not raise the case or controversy issue in

their original briefs, we must resolve the issue because it implicates our jurisdiction.") (citing *St.

Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978); *Rogin v. Bensalem Twp.*, 616

F.2d 680, 684 (3d Cir. 1980)); *Steele v. Blackman*, 236 F.3d 130, 134 n. 4 (3d Cir. 2001) (noting

that the court is raising mootness of denial of habeas petition *sua sponte* because it is required to

raise issues of standing if such issues exist); *Perez v. Zickefoose*, No. 12-5300, 2014 WL 47727,

at *1 (D.N.J. Jan. 7, 2014) (raising the issue of whether a habeas petition is moot *sua sponte*)

(citations omitted)

        "In *Spencer v. Kemna*, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998), the Supreme

Court held that a challenge to a parole revocation was moot because the defendant completed the

term of imprisonment resulting from the parole violation." *United States v. Williams*, 373 F. App'x 186, 187 (3d Cir. 2010).  Indeed, in *Spencer*, the Supreme Court "'decline[d] to presume that collateral consequences adequate to meet Article III's injury-in-face requirement resulted from petitioner's parole revocation,' once that term had expired." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Spencer*, 523 U.S. at 14).  "In such a case, the [petitioner] must demonstrate that collateral consequences exist or jurisdiction will be lacking." *United States v. Jackson*, 523 F.3d 234, 238 (3d Cir. 2008) (citing *Spencer*, 523 U.S. at 14).

In light of the fact that the Court raised the mootness issue *sua sponte*, petitioner was given thirty days to demonstrate that collateral consequences still existed with respect to his parole revocation despite his release from custody on his parole revocation.  Petitioner never responded to the Court's April 4, 2014 Order that gave him an opportunity to respond.  Thus, he has failed to show that collateral consequences still exist with respect to his parole revocation. Therefore, the Court will dismiss the habeas petition as moot.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

Accordingly, IT IS on this   12th   day of   May  ,  2014,

ORDERED that the habeas petition is dismissed as moot; and it is further

ORDERED that a certificate of appealability shall not issue; and it is further

ORDERED that the Clerk mark this case as closed; and it is further

ORDERED that the Clerk shall serve this Memorandum Order on petitioner by regular

U.S. mail.


s/Robert  B.  Kugler
ROBERT B. KUGLER
United States District Judge